HENRY SCHNACKENBERG & COMPANY, PLAINTIFF, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

Submitted July 2, 1914—Decided November 30, 1914.

1. Plaintiff, driving a wagon along a street crossing a railroad while it was quite dark, testified that he was familiar with the crossing; that at a distance of thirty feet from the crossing, at which point he had an unobstructed view of the track for a distance of four hundred feet in the direction from which a train was coming, he stopped his horse, looked and listened, and heard and saw nothing; that he then drove on at a walk, still looking and listening, and when his horse was upon the track, it was struck by a locomotive engine, and he was thereby injured. *Held*, that plaintiff was clearly guilty of contributory negligence.

2. Where the proof adduced by the plaintiff failed to make a *prima facie* case, and the proofs of defendant added no confirmatory or supporting element to the plaintiff's case, the trial court erred in refusing to direct a verdict for the defendant.

On appeal from the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the plaintiff, *Louis Hood* and *William K. Flanagan*.

For the defendant, *Frederic B. Scott*.

The opinion of the court was delivered by

MINTURN, J. This suit was for personal injuries received at a railroad crossing on Harrison street, in East Orange. Plaintiff was driving a one-horse bakery wagon, while it was quite dark, about five o'clock in the morning on January 25th, 1913. He was familiar with the crossing, as his duties required him to pass over it every morning, about the same time; a course he had followed for five months immediately preceding this accident. There were no noises or disturbances at the time to interfere with his sense of hearing. He was driving slowly and stopped, looked and listened, when he arrived at a point opposite a garage about thirty feet from the tracks. He says he could see from that point a distance of four hundred feet in the direction from which the engine, which struck him, came. There was nothing between the garage and the track except occasional telephone poles and the darkness of the morning to obstruct his view. Having made his observations he started his horse on a walk, still looking east and west, and the nearer he approached the track the greater was the scope for observation. He heard no bell or whistle, and says he did not see the engine, which carried a strong headlight, until his horse was upon the track, and the engine was practically upon him, killing his horse and injuring him. This statement presents the plaintiff's version of the

accident, and in our judgment it clearly convicts him of contributory negligence.

There are cases such as *Napodensky* v. *West Jersey and Seashore Railroad Co.*, 85 *N. J. L.* 336, relied upon by the plaintiff, which present the injured party in the *status* of a man who, having exercised the care and caution which the law requires in approaching a crossing, suddenly finds himself without fault upon his part in a zone of danger, and in an unsuccessful effort to extricate himself is injured, but this case lacks the main essential preliminary which distinguishes those adjudications, *i. e.*, the exercise of due care in approaching the crossing, and before he actually enters the zone of danger. The fact that the gates were open does not excuse him from exercising the care which the law imposes upon him before incurring the risk of a dangerous crossing. *Shafer* v. *Lehigh Valley Railroad*, 75 *Id.* 75.

It seems to us inconceivable that with a complete view of the track for a distance of four hundred feet, with no disturbing element intervening to annoy or to distract him, this plaintiff could, as we must view it, drive upon the track with his eyes open to the possibilities of impending danger, and claim that he was unable to see the conditions or to appreciate the dangers inhering in the situation. He cannot, practically, invite a calamity of this character by his negligence or indifference, and make it the basis of a legal injury. *Volenti non fit injuria* is the maxim at the basis of the doctrine of contributory negligence, and may properly be invoked here.

If the defendant had moved for a nonsuit it should have been granted. But when, at the end of the case, it moved for the direction of a verdict, the trial court had before it the defendant's case involving the existence of all the factors, such as the ringing of the bell, blowing of the whistles, and the headlight on the engine, which, if the plaintiff had proved a *prima facie* case, would have required the submission of the controverted question of negligence to the jury. But, in the absence of proof of a *prima facie* case, upon the part of the plaintiff, it was unnecessary to put the defendant to its proof. This proof, however, when supplied, added no confirmatory or

supporting element to the plaintiff's case, so that it could be said, as in *Carey* v. *Hamburg American Packet Co.,* 72 *N. J. L.* 56, that a case otherwise defective in testimony was cured by the defendant's proof. It left the plaintiff's case subject to the criticism applicable to it, when the plaintiff rested, and therefore a verdict should have been directed, and the refusal to do so was error.

The judgment will be reversed and a *venire de novo* will issue.